Ilsley, J.
This is a suit upon a promissory note, drawn by the defendants in solido, to the order of, and endorsed by, James Hughes. The defense is the general issue ; and it is alleged in the answer, that the consideration of the note sued on was money loaned to Leonard W. Warren, who resides in New Orleans, Louisiana, or at least for his use and benefit, and that he received the said money, which was paid over to him at that date, or very soon after ; and that the said Warren then and there expressly undertook and promised to pay the said obligation to the holder and owner of the said note, for and on account of the defendants, and that the defendants are entitled by law to call him in warranty to defend this suit; wherefore; they pray that the said Warren be cited in warranty, etc.
The Judge of the Court below thinking that, under Arts. 379, 380, 381 and 382 of the Code of Practice, he had no discretion, granted the call in warranty and the delay necessary for that purpose, thereby continuing the cause till the next term of the Court; whereupon the plaintiff reserved her bill of exceptions to the ruling of the Court, and has appealed from this interlocutory judgment, as one likely to work irreparable injury.
We think the Judge of the lower Court erred in granting the defendant a continuance in this case, as he does not even allege in his answer that there existed any privity between Leonard W. Warren and the plaintiff. This, in the ease of Anselm v. Wilson, reported in the 8 La. R. 37, and in a late case decided by this Court at Natchitoches, it was held, does not present a case of simple or personal warranty, within the meaning of that part of the Code of Practice which authorises delay for calling in the war *68 rantor. See Code of Practice, Art. 879 et seq.; 5 Merlin’s Reports, verbo guarantie simple.
It is therefore ordered, adjudged and decreed, that the order of the Court below to continue the case be rescinded, and that it be proceeded with according to law. It is further ordered, that the appellee pay the costs of appeal.